UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ISAIS CHAVEZ,<br><br>             Petitioner,<br><br>     v.<br><br>RON MURRAY, Warden of Mesa Verde Detention Center,[1]<br><br>             Respondent. | Case No.  1:25-cv-00198-HBK (HC)[2]<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

Before the court is Petitioner's motion for a temporary restraining order. (Doc. No. 2, "Motion"). Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Mesa Verde ICE Processing Center in Bakersfield, California, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his "prolonged detention" without a bond hearing. (Doc. No. 1, "Petition"). The Court deems the matter suitable

---

[1] Respondent moves to dismiss all unlawfully named officials under § 2241. (Doc. No. 6 at 1 n.1). The proper respondent in habeas cases is the "warden of the facility where the prisoner is held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 430 (2004). As recently held by the Ninth Circuit, in § 2241 cases filed by immigrant detainees, the proper respondent is the warden of the private detention facility. *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). Accordingly, the Court grants Respondent's motion and dismisses all unlawfully named officials. The proper respondent is the Facility Administrator of Petitioner's detention facility, the Mesa Verde ICE Processing Center.

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

for decision without oral argument.  See Local Rule 230(g).   For the reasons set forth below, the Court denies the Motion.

## I.  BACKGROUND

On February 13, 2025, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming he has been detained in immigration custody for over 22 months without a bond hearing in violation of the due process clause of the Fifth Amendment and the Eighth Amendment.  (Doc. No. 1 at 18-19).  As relief, the Petition seeks release from custody or, in the alternative, Respondent should be ordered to schedule a hearing before an immigration judge. (*Id*. at 20-21).

The same day, Petitioner filed the instant Motion.  Petitioner states he has been in ICE custody for approximately 22 months without a bond hearing and seeks a temporary restraining order directing Respondents to immediately release him from custody or provide him with a bond hearing before a neutral decisionmaker.  (Doc. No. 2).  On March 20, 2025, Respondent filed an opposition to Petitioner's motion for a TRO, arguing it should be denied as it inappropriately requests the ultimate relief sought in the Petition and deprives Respondent of a full and fair opportunity to address the merits of the Petition.  (Doc. No. 6).  Petitioner did not file a reply, and the deadline for doing so has passed.

## II. APPLICABLE LAW AND ANALYSIS

The primary purpose of a preliminary injunction is preservation of the status quo.  *See, e.g., Ramos v. Wolf*, 975 F.3d 872, 887 (9th Cir. 2020).  More specifically, the purpose of a preliminary injunction is preservation of the Court's power to render a meaningful decision after a trial on the merits.  *See, e.g., Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Barth v. Montejo*, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. *See, e.g., Camenisch*, 451 U.S. at 395; *Ramos*, 975 F.3d at 887; *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms.  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009).  Prohibitory injunctions

prevent a party from acting, thus maintaining the status quo. *Id*. A mandatory injunction directs some responsible party to act. *Id*. at 879.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (*citing Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008)); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *see Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131. Under *Winter*, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. *See, e.g., Winter*, 555 U.S. at 20; *Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction is an extraordinary remedy that is not awarded as of right. *Winter*, 555 U.S. at 24; *Cottrell*, 632 F.3d at 1131. The burden to achieve injunctive relief is

3

1 particularly high when a party seeks a mandatory injunction. *See Garcia v. Google, Inc.*, 786
2 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party
3 from acting, and thus beyond mere maintenance of the status quo. *See id*. They require a party to
4 act. *Id*. District courts must deny requests for mandatory injunctions unless the law and facts
5 clearly favor a moving party. *Id*. The Court will not grant such requests in doubtful cases. *Id*.

6 Here, Respondent argues Petitioner's Motion is improper and should be denied because he
7 "seeks only to alter the status quo by issuing an expedited order that would grant him the ultimate
8 relief he seeks in his petition." (Doc. No. 6 at 5). The Court agrees. Petitioner requests that he
9 be released from custody or provided with a bond hearing, which is precisely the same ultimate
10 relief sought in his underlying Petition. (*Compare* Doc. Nos. 1 and 2). "[I]t is generally
11 inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on
12 the merits." *Mendez v. U.S. Immigrations and Customs Enforcement*, 2023 WL 2604585, at *3
13 (N.D. Cal. Mar. 15, 2023) (citing *Univ. of Tex.*, 451 U.S. at 395) (denying Plaintiff's motion for a
14 TRO); *Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("In general, that kind of
15 judgment on the merits in the guise of preliminary relief is a highly inappropriate result.");
16 *Fiorito v. Brewer*, 2024 WL 86541, at *2 (E.D. Cal. Jan. 8, 2024) ("the motion and petition both
17 seek the same relief. Because a determination of facts is necessary for any relief to issue, both the
18 motion and petition must be briefed before a ruling on the merits can issue. Under the present
19 circumstances, an order of preliminary injunction would not offer petitioner any relief before a
20 ruling on the petition would be reached. Instead, as briefing would run concurrently, were
21 petitioner to ultimately prevail, an order of preliminary injunction would be made superfluous by
22 a grant of habeas corpus relief."); *see also Doe v. Bostock*, 2024 WL 2861675, at *2 (W.D. Wash.
23 June 6, 2024).

24 For the foregoing reasons, Petitioner fails to meet his burden to demonstrate he is entitled
25 to this extraordinary form of injunctive relief, and his Motion will be denied without prejudice.
26 The Court has also exercised its discretion and called for an expedited response to the Petition.
27 (*See* Doc. No. 4).
28 ////

Accordingly, it is ORDERED:

Petitioner's Motion for Temporary Restraining Order (Doc. No. 2) is DENIED.

Dated:   April 4, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE