UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ISAIS CHAVEZ,<br><br>                    Petitioner,<br><br>     v.<br><br>RON MURRAY, Warden of Mesa Verde Detention Center,<br><br>                    Respondent. | No. 1:25-cv-00198-HBK (HC)<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br><br>FOURTEEN-DAY DEADLINE |

      Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Mesa Verde ICE Processing Center in Bakersfield, California, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his "prolonged detention" without a bond hearing. (Doc. No. 1, "Petition"). Respondent filed a Motion to Dismiss on April 24, 2025, and Petitioner filed an opposition on May 15, 2025. (Doc. Nos. 11, 12).

      Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist

1

1  throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for*
2  *Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies"
3  limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at
4  the time the complaint is filed,") (internal quotation marks omitted).  To maintain a claim, a
5  litigant must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v.*
6  *INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  In the context of a habeas
7  petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner
8  has received the relief requested in the petition; or (2) the court is unable to provide the petition
9  with the relief sought."  *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023)
10 (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v.*
11 *Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to
12 grant any effectual relief" on petitioner's claim).
13       The Petition, filed in February 2025, raised the following claim for relief: Petitioner's
14 "ongoing prolonged detention" of 22 months in ICE custody without a bond hearing violates his
15 Fifth Amendment procedural due process rights and Eighth Amendment rights.  (Doc. No. 1 at
16 18-20).  In support of this argument, in both the Petition and his opposition to Respondent's
17 Motion to Dismiss, Petitioner relies heavily on the proposition that detention without a bond
18 hearing is unconstitutional when it exceeds six months.  (*Id*. at 11-12; Doc. No. 12 at 5-6).  As
19 relief, Petitioner asks the Court to issue a declaration that his "ongoing prolonged detention"
20 violates his due process rights, issue a writ of habeas corpus, and hold a bond hearing before this
21 Court; or in the alternative, to be provided a bond hearing before an immigration judge ("IJ")
22 where the Government must justify his continued detention by clear and convincing evidence.
23 (*Id*. at 20-21).
24       In Petitioner's Opposition to Respondent's Motion to Dismiss, Petitioner acknowledges
25 that he was afforded a bond hearing in May 2025, after 24 months of detention.  (Doc. No. 12 at
26 8).  Because it appears that Petitioner has received the relief requested in the Petition in the form
27 of a bond hearing, and as of the date of this Order less than 2 months have elapsed since
28 Petitioner received that bond hearing, the Court must determine whether the action is moot before

considering its merits. *See Singh v. Garland*, 2023 WL 9119157, at *2 (E.D. Cal. Dec. 21, 2023) ("as Petitioner is no longer being detained without having been afforded a bond hearing before an immigration judge, the Court finds that the petition is moot.")

Accordingly, it is **ORDERED**:

1. Within **fourteen (14) days** from the date of this Order, Petitioner shall show cause why this action should not be dismissed as moot in light Petitioner receiving a bond hearing in May 2025. In the alternative, Petitioner may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41.

2. Respondent shall file a reply within five (5) days of Petitioner's response, if appropriate.

Dated:   June 26, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3