UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ISAIS CHAVEZ,<br><br>        Petitioner,<br><br>    v.<br><br>RON MURRAY, Warden of Mesa Verde Detention Center,<br><br>        Respondent. | Case No. 1:25-cv-00198-HBK (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. No. 16)<br><br>ORDER MOOTING MOTION TO DISMISS<br><br>(Doc. No. 11) |

        On June 26, 2025, the Court ordered Petitioner to show cause why his petition[1] should not be dismissed as moot, or in the alternative, file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41. (Doc. No. 13). On July 8, 2025, Petitioner filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41[2] advising the Court that he was physically removed from the United States on July 1, 2025. (Doc. No. 16).

        The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent

---

[1] Petitioner Javier Isais Chavez ("Petitioner"), an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Mesa Verde ICE Processing Center in Bakersfield, California, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging his "prolonged detention" without a bond hearing. On May 15, 202, Respondent filed a Motion to Dismiss on April 24, 2025, and Petitioner filed an opposition. (Doc. Nos. 11, 12).

[2] The Court construes Petitioner's reference to Federal Rule of Appellate Procedure 41 as a scrivener error.

1  such rules are not inconsistent with the statutory provisions of the Habeas Rules. Rules Governing
2  Section 2254 Cases in the United States District Court, Rule 12. See also, Fed. R. Civ. P.
3  81(a)(4). Rule 41(a)(1) has been found to apply in the habeas context where the respondent had
4  not yet filed an answer to the petition. *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal.
5  Feb. 1, 2018) ("Rule 41(a)(1) has been found to apply in the habeas context where the respondent
6  had not yet filed an answer to the petition." (collecting cases)).

   In this case, Respondent has not served either an answer or a motion for summary judgment. Thus, Petitioner's notice of dismissal is effective upon its filing and without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

   ACCORDINGLY, it is ORDERED:

   1. The Clerk of Court shall terminate Respondent's Motion to Dismiss (Doc. No. 11) as MOOT.
   2. The Clerk of Court shall **CLOSE** this case to reflect Petitioner's notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41 and terminate any other motions and remaining deadlines.

Dated:   July 14, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2